**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PETER A. MCMILLAN, | DOCKET NUMBER |
| Appellant, | DC-4324-11-0726-B-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: October 16, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam A. Carter, Esquire, and R. Scott Oswald, Esquire, Washington, D.C., for the appellant.

William G. Hughes, III, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision on remand that denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 An employee who claims that an agency violated 38 U.S.C. § 4311(a)[2] in taking an adverse employment action bears the initial burden of showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). If the appellant meets his initial burden, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the action for a valid reason without regard to the employee's military service. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009); *Sheehan*, 240 F.3d at 1013; *see* 38 U.S.C. § 4311(c).

---

[2] 38 U.S.C. § 4311(a) provides that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation to perform service."

¶3    On review, the appellant contests the administrative judge's finding that his first-level supervisor, Group Supervisor J.A., did not demonstrate animus toward the appellant or his military service in his response to the appellant's request for a total of 4 weeks leave.  Petition for Review (PFR) File, Tab 1 at 12.  In particular, he contends that the administrative judge failed to consider the documentary evidence that he "needed 4 weeks and had to settle for 3 weeks."  *Id*.  However, the appellant conceded at the remand hearing that the 3 weeks leave he was granted (2 weeks military leave plus 1 week annual) were enough to meet his military obligations for a "good year."  Remand Hearing Transcript (RHT) at 46.  The appellant also asserts that the administrative judge glossed over testimonial evidence that, when he first requested 4 weeks leave, J.A. responded that he had just been out on "vacation" (technically home leave) and that he was not inclined to approve "more."  PFR File, Tab 1 at 12.  However, the fact that the administrative judge did not expressly refer to that testimony does not mean that she did not consider it in reaching her decision.  *See Marques v. Department of Health & Human Services*, [22 M.S.P.R. 129](), 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Moreover, the testimony in question concerns J.A.'s initial request that the appellant take the 2 weeks *annual* leave he requested at a later date, *see* RHT at 113-14, and does not suggest that J.A. considered the appellant's military leave or the performance of military obligations to be vacation.

¶4    The appellant further contends that the administrative judge erred in finding that he was required to follow the agency chain of command in soliciting assistance with his military assignment.  PFR File, Tab 1 at 12-15.  He does not contest the administrative judge's finding that he would be required to go through the chain of command if he were (1) acting in his capacity as a Drug Enforcement Administration (DEA) agent, and (2) seeking to disseminate DEA information outside the agency.  *See* Initial Decision (ID) at 11.  The appellant argues, however, that, when he approached Field Intelligence Manager M.W. for

assistance, he made it clear that his request for information was for his military assignment, not DEA business. PFR File, Tab 1 at 12-13. He further notes that he did not have the intent of disseminating DEA information when he first approached M.W. and that it was M.W. himself who suggested using the Foreign Situation Report (FSR). *Id*. Hence, the appellant argues, it was M.W., and M.W. alone, who was obliged to obtain approval for the release of the FSR. *Id*. at 13. The appellant further notes that M.W. considered it appropriate to approach Regional Director P.S. directly without first approaching his own direct supervisor. *Id*. at 13-14.

¶5 We find the appellant's arguments on this point unconvincing. First, as we noted in the remand order, the appellant was on duty in his civilian position when he approached M.W., and the appellant himself stated in his email correspondence with M.W. that he viewed himself acting in a dual capacity as a military officer and DEA agent. *See McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 21 (2013). Moreover, even if it were M.W. who first suggested using the FSR in the military report, it was the appellant, not M.W., who intended to disseminate that information outside the agency. Thus, even if the appellant had acted within the bounds of the agency's open door policy when he first approached M.W., he was nonetheless obliged to proceed through his own chain of command prior to approaching P.S. for approval to use the FSR.

¶6 The appellant also contests the administrative judge's finding that the agency's action was not based on the content and performance of his military assignment. PFR File, Tab 1 at 15-23. He argues that, while the agency contended that the denial of the tour extension was based in part on alleged performance issues, his performance ratings had been outstanding, and the goals he allegedly failed to meet were arbitrary, unstated, and undocumented. Rather, he contends, his tour extension was denied exclusively because of management's disapproval of behavior relating to his military assignments—specifically, his approaching M.W. for sources of information on Bolivia and his subsequent email

exchanges with P.S. The appellant reasons that management would not have denied his tour request but for his military assignment because "had there never been these military assignments there never would have been any issue with a chain-of-command, nor any issue with being disrespectful of [P.S.], nor any reason to write the Memo, and [the appellant's] tour request would likely have been approved." *Id*. at 21.

¶7        It is true that an employer violates section 4311(a) if it would not have taken the adverse employment action but for the employee's military service or obligation. *Erickson*, 571 F.3d at 1368; *see* H.R. Rep. No. 103-65, at 23 (1993), *as reprinted in* 1994 U.S.C.C.A.N. 2449, 2457. However, as we explained in our remand order in this case, USERRA does not prohibit an employer from taking action against an employee for gratuitous misconduct in the course of performing military duties. *See McMillan*, 120 M.S.P.R. 1, ¶ 17; *cf. Escher v. BWXT Y-12, LLC*, 627 F.3d 1020, 1024-25, 1032 (6th Cir. 2010) (employer did not violate section 4311(b) when it terminated the employee for doing Naval Reserve business at work in violation of agency policy). Protection under USERRA is contingent on the employee's compliance with the reasonable and ordinarily accepted standards of personal conduct and performance of all employees. *McMillan*, 120 M.S.P.R. 1, ¶ 17 (citing *Figueroa Reyes v. Hosp. San Pablo del Este*, 389 F. Supp. 2d 205, 212 (D.P.R. 2005)). Hence, assuming arguendo that management denied the tour extension based solely on the appellant's conduct in connection with his military assignments, and not on performance issues, there was no USERRA violation if the appellant failed to comply with ordinary accepted standards of personal conduct and performance in the course of fulfilling his military assignments. *See McMillan*, 120 M.S.P.R. 1, ¶ 18.

¶8        We discern no error in the administrative judge's finding that the appellant did not comply with those standards. First, as discussed above, even if the appellant acted within the bounds of the agency's open door policy when he initially approached M.W., he nonetheless violated the chain of command by

seeking P.S.'s approval to use the FSR without first going through his first- and second-level supervisors.  Second, we agree with the administrative judge that the appellant's July 20, 2012 email to P.S. was disrespectful in tone and content.  *See* ID at 15; *see also* MSPB Docket No. DC-4324-11-0726-I-2, Initial Appeal File, Tab 7, Ex. W.  On review, the appellant contends that the email was not improper because it was sent while he was on military duty and concerned his military assignment.  PFR File, Tab 1 at 25.  However, as we noted in our remand order, the appellant identified himself in the July 20, 2010 email as a Special Agent (his civilian job title), and he had also indicated in previous correspondence with M.W. that he was acting in his dual capacity as a military officer and DEA agent.  *See McMillan*, 120 M.S.P.R. 1, ¶¶ 5-6, 21.  Given the appellant's failure to comply with the ordinarily accepted standards of conduct in the course of performing his military duties, we find that he has not shown that the administrative judge erred in finding that he is not entitled to corrective action under USERRA.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.